MIRAMAR REALTY Co., LTD., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 884.—*Sometido:* Febrero 3, 1933. *Resuelto:* Marzo 28, 1933.

*R. Castro Fernández,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 26 de septiembre de 1925 se constituyó la Miramar Realty Co., Ltd., que se denominó una sociedad civil. El objeto de la compañía era dedicarse a la compra, venta y explotación de bienes inmuebles. Se hicieron varias substituciones de socios o dueños. Miguel Echevarría Navarro era uno de los miembros de la sociedad. Después de su muerte, los otros miembros celebraron una junta y designaron a Her-

man L. Cochran como liquidador de la sociedad. Aparece que se notificó a los herederos de Echevarría de esta junta, pero siguiendo el consejo de su abogado, por razones propias de ellos, o sea, que no estaban preparados para aceptar la herencia de Echevarría se negaron a tomar parte en la junta. Hicieron constar que ni se allanaban ni se oponían al nombramiento de un liquidador. Con anterioridad a su muerte, Echevarría cedió cierto interés o beneficio en la Miramar Realty Co., al American Colonial Bank en favor de ciertos bancos o acreedores. Posteriormente Herman L. Cochran, como liquidador, otorgó escritura de compraventa de bienes pertenecientes a la Miramar Realty Co., a Belén Aldea Vda. de Agüero. Se negó la inscripción de la escritura. La nota del registrador lee así:

"Denegada la inscripción de este documento en cuanto a la venta, única operación solicitada, con vista de otros, porque dados los términos en que está redactada la escritura de cesión por Miguel Echevarría a los bancos de referencia, no puede precisarse si lo cedido es capital o beneficios sociales o ambos conceptos, y porque a la escritura de disolución y nombramiento de liquidador no comparecen los cesionarios o causahabientes del socio cedente fallecido, requisito que se estima necesario para la validez de dicha disolución y nombramiento, y por tanto de la venta efectuada, sin que tenga eficacia alguna la manifestación que se hace en la escritura de disolución de haberse convocado a todos los socios y haber dejado de comparecer a la junta los referidos."

No consta en este recurso gubernativo, según parece sostener la recurrente, que el registrador resolviera que los bancos tuvieran otro interés que no fuera el de acreedores. Lo que resolvió, en efecto, fué que si éstos tenían mayor interés o interés distinto, o si tenían algún título, ellos debieron haber sido notificados y haber tomado parte en la junta celebrada con el objeto de nombrar un liquidador. Al hacer una lectura de la escritura convenimos con la recurrente en que los bancos eran tan sólo acreedores y no tenían derecho a tomar parte en dicha junta. Nada hay en la escritura que demuestre que se traspasara el título a los bancos acreedores.

■ De conformidad con el artículo 146 del Código de Comercio de 1932 y el artículo 1561 del Código Civil de 1930, la liquidación debe regirse por las disposiciones adoptadas en la escritura de constitución de sociedad. El artículo 1561 del Código Civil, edición de 1930, dispone:

"Las sociedades civiles, por el objeto a que se consagren, pueden revestir todas las formas reconocidas por el código de comercio. En tal caso, les serán aplicables sus disposiciones en cuanto no se opongan a las del presente código."

■ La escritura misma proveía que al disolverse la sociedad, ella sería liquidada por todos los socios gestores si éstos no convenían en que se designara un amigable componedor. También disponía que la muerte de uno o más de los socios no sería motivo para disolver la sociedad, la que continuaría con los supervivientes y los herederos del o de los fallecidos, etc., pero que en ese caso el uso de la firma social sólo lo tendrían los socios supervivientes. De la cláusula décimosexta aparece que la liquidación podría tener efecto a instancia de todos los socios gestores.

Nos inclinamos a convenir con la recurrente en que de conformidad con dicha escritura los socios gestores al tiempo de designar un liquidador o de la supuesta disolución lo eran Carrión y Cochran, quienes conjuntamente representaban más de la mitad del activo de la sociedad.

■ El caso de *Mendía* v. *Arzuaga,* 37 D.P.R. 368, es autoridad al efecto de que si una escritura contiene una cláusula de imposible cumplimiento, será ineficaz en cuanto a ese particular. Tomando ese caso por norma, resolvemos que la escritura en el presente caso, si es que ha de dársele efecto, tendería a permitir que los socios supérstites actuaran a nombre de todos. Si no ha de prevalecer la escritura, entonces deben seguirse las disposiciones del Código Civil, *ubi supra.* Además, los socios sobrevivientes hicieron toda gestión posible para que los herederos estuvieran presentes.

Creemos que el registrador está equivocado al sostener

que todos los miembros de una sociedad deben intervenir en la escritura de disolución.

■ Tenemos algunas consideraciones adicionales que hacer. La Miramar Realty Co. era una sociedad civil. Todos sus socios eran condueños de los inmuebles de la sociedad. Así, pues, si es dudosa la aplicación de la escritura social o del derecho mercantil, entonces la mayoría de los dueños en común de determinada propiedad tienen derecho, especialmente después de notificar debidamente a los otros, para adoptar cualquiera medida legal necesaria. Esta conclusión surge de los artículos 399 *et seq.* del Código Civil, especialmente del artículo 405, y de la cita de Odriozola hecha por el registrador (Odriozola, Diccionario de la Jurisprudencia Hipotecaria de España, página 1052). Si no se venden los bienes antes de la disolución, según se desprende de esa cita, los socios se convierten en condueños o comuneros.

■ Debe también recordarse que la Miramar Realty Co. fué organizada para la compraventa de bienes inmuebles. Este no es un caso corriente de dominio de bienes inmuebles por particulares o por personas que acaban de heredar sus bienes. La escritura misma demuestra que el objeto de la Miramar Realty Co. era comprar y vender bienes y dividir las ganancias o pérdidas. Esto era lo que el liquidador trataba de hacer en este caso, y la tendencia de las cortes siempre es dar efecto a la intención de las partes. El liquidador sostiene por su abogado que existen otras ventas de fincas que serían afectadas por la decisión del registrador. En caso de duda, Cochran y Carrión estarían impedidos de alegar que poseían un título contrario al del adquirente, y creemos que prevalecería una situación similar contra los herederos de Echevarría, toda vez que a ellos se les dió la oportunidad de acudir a la junta y no lo hicieron.

*Debe revocarse la nota recurrida y hacerse la inscripción.*